IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01-CR-031-TCK |
| | ) | (03-CV-473-TCK-FHM) |
| MELDON ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 583) filed by Defendant Meldon Allen ("Defendant" or "Allen"). The Government filed a response (Dkt. # 614), along with an Appendix (Dkt. # 615). Defendant filed a reply (Dkt. # 621). Defendant also filed a "motion for supplemental pleadings" (Dkt. # 604), as well as multiple motions to supplement and/or amend his § 2255 motion (Dkt. #s 646, 649, 661, 674). Lastly, Defendant filed a motion to expedite ruling (Dkt. # 678). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied. Defendant's "motion for supplemental pleadings," filed before the government filed a response to the § 2255 motion, shall be declared moot and his motions to supplement and/or amend shall be denied. As a result of today's ruling, Defendant's motion to expedite ruling shall be declared moot.

*BACKGROUND*

On December 13, 2001, Defendant Meldon Allen was arraigned on a 153-count third superseding indictment (Dkt. # 356) with criminal offenses related to an alleged conspiracy to transport, store and distribute cocaine, cocaine base and marijuana, and to launder the profits associated with the venture. The Court appointed attorney Beverly Atteberry to represent Allen.

Jury trial commenced on April 15, 2002, for Allen and his co-defendant James Hiriames. On the first day of trial, the government presented two (2) witnesses whose testimony was extremely damaging to Allen's case. The next day, without a plea agreement, Allen pled guilty to three charges: Count 1, conspiracy to possess with intent to distribute cocaine in excess of five kilograms; Count 12, maintaining a place where controlled substances are stored and controlled; and Count 152, investment of illegal drug profits.

On July 26, 2002, Allen filed a motion to withdraw his plea of guilty (Dkt. # 478) and a motion for withdrawal of attorney Atteberry (Dkt. # 477). At the sentencing hearing, held August 7, 2002, the Court heard argument on the motions and entered a ruling denying the motions. See Dkt. # 615, Ex. 3, Sent. Trans. at 11-12. The Court proceeded to set Allen's offense level at 38 and sentenced him to a total of 252 months in prison. Id. at 39, 48. Judgment (Dkt. # 509) was entered August 20, 2002.

Allen appealed to the Tenth Circuit Court of Appeals. He raised one claim challenging this Court's denial of his motion to withdraw his guilty plea. By Order filed May 20, 2003 (Dkt. # 578), the appellate court affirmed this Court's Judgment. The Tenth Circuit specifically found that "Defendant made a knowing and voluntary decision to plead guilty to three of the many charges for which he was indicted." Id. at 6.

On July 21, 2003, Defendant filed the instant § 2255 motion (Dkt. # 583). He raises five (5) claims as follows: (1) and (2) the Court and the government coerced him into pleading guilty to something he did not do resulting in a Rule 11(e)(1) violation, (3) ineffective counsel at plea hearing in failing to object to the Rule 11 violations and misconduct on the part of the government and Court, (4) ineffective assistance of counsel on appeal in failing to raise these issues before the Tenth

Circuit Court of Appeals, and (5) ineffective assistance of counsel at sentencing in failing to object to the Court's finding of drug quantities. See Dkt. # 583.

On February 13, 2004, before the government filed its response to the § 2255 motion, Allen filed a "motion for supplemental pleadings under Rule 15A and 15D of Federal Civil Judicial Procedure and Rules" (Dkt. # 604). In that motion, Petitioner identifies three (3) "supplemental" issues as follows: (1) the Court improperly enhanced Allen's sentence for possession of a firearm, (2) availability of safety valve at sentencing, and (3) the Court erroneously applied a four point sentence enhancement for Allen's leadership role. See Dkt. # 604.

On March 22, 2004, the government filed its response (Dkt. # 614) to Allen's § 2255 motion. The government also filed an appendix of exhibits (Dkt. # 615). Allen filed his reply (Dkt. # 621) on May 5, 2004.

On January 21, 2005, Defendant filed a motion to "supplement" his initial § 2255 motion (Dkt. # 646). He filed a second motion to "supplement" (Dkt. # 649) on March 23, 2005. In a letter accompanying his second motion to supplement, see Dkt. # 648, he references the motion filed January 21, 2005. In those motions to "supplement," Allen requests leave to add claims based on the Supreme Court's decisions in Blakely v. Washington, 124 S.Ct. 2536 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). On October 6, 2005, Allen filed a motion to "amend" his § 2255 motion (Dkt. # 661). In that motion, Allen alleges that his attorney provided ineffective assistance in failing to conduct a prompt investigation and further amplifies the allegations raised in his § 2255 motion that he received ineffective assistance of counsel during sentencing. On April 18, 2007, Allen filed another motion to "amend" (Dkt. # 674) to add "new" evidence in support of his claim alleging that his sentence was improperly enhanced based on his role as a leader and organizer.

3

*ANALYSIS*

**A. Evidentiary hearing**

The Court finds that an evidentiary hearing is not necessary as the issues can be resolved on the basis of the record. See Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

**B. Motions to "amend" and "supplement" (Dkt. #s 646, 649, 661, 674)**

*1. Motions to "supplement" shall be denied*

In his motions to "supplement" (Dkt. #s 646 and 649) Defendant requests that he be allowed to amend his § 2255 motion to include claims arising under the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). As discussed in more detail below, Defendant's conviction became final on August 20, 2003. Both the Blakely and Booker decisions were issued after Defendant's conviction became final and, therefore, must apply retroactively to cases on collateral review to be applicable in this § 2255 proceeding. See 28 U.S.C. § 2255(3). The Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 543 U.S. at 268. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply either Booker or Blakely retroactively to cases on collateral review. Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued). Therefore,

Defendant may not rely on either Booker or Blakely in seeking relief under § 2255. Defendant's motions to "supplement" shall be denied.

### *2. New ineffective assistance of counsel claim is time-barred*

On October 6, 2005, after the Government responded to his original § 2255 motion, Defendant filed a motion to amend (Dkt. # 661) asserting that his attorney provided ineffective assistance of counsel in failing "to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to the facts relevant to the merits of the case and 'penalty' in the event of the conviction." See Dkt. # 661. In support of his claim, Defendant cites Rompilla v. Beard, 545 U.S. 374 (2005). To the extent Defendant simply bolsters his claims of ineffective assistance of counsel as argued in his § 2255 motion, the Court will consider the argument in Part C, below. To the extent Defendant has asserted a new claim, based on facts unrelated to the original claims, the Court finds it is precluded from considering Defendant's new claim because the claim does not "relate back" to the original § 2255 motion and is barred by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act "(AEDPA")."[1]

Pursuant to Fed. R. Civ. P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

---

[1] Defendant's conviction became final after expiration of the ninety (90) day time period for seeking review from the Supreme Court. See Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). Since the Tenth Circuit affirmed Defendant's convictions on May 20, 2003, and he did not file a petition for writ of *certiorari* in the Supreme Court, his convictions became final ninety (90) days later, or on August 20, 2003. Thus, Defendant had until August 20, 2004, to file a timely § 2255 motion. Defendant filed his original motion on July 21, 2003, well before the deadline. However, Defendant's motion to amend (Dkt. # 661) was filed on October 6, 2005, or more than a year after expiration of the one-year limitations period.

Fed. R. Civ. P. 15(c)(2). "Relation back" causes otherwise untimely claims, such as Defendant's new claim in this case, to be considered timely by treating them as if they had been filed when the timely claims were filed. Therefore, the new claim in Defendant's motion to amend will relate back and be considered timely if it "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.

Defendant's motion to amend, filed after the AEDPA deadline, contains a new claim of ineffective assistance of counsel. The new claim, ineffective assistance of counsel for failing to conduct a prompt investigation, does not serve to clarify his original claims, but is instead a new claim, totally separate and distinct "in both time and type" from those raised in his original motion. See Mayle v. Felix, 125 S.Ct. 2562 (2005) (discussing interaction of Federal Rules of Civil Procedure and habeas corpus rules and finding that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); United States v. Espinoza-Saenz, 235 F.3d 501, 504-505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341 1344-1345 (11th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (holding that granting motion to amend "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore,

under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save Defendant's additional ineffective assistance of counsel claim asserted in the motion to amend filed after expiration of the one-year limitations period. Therefore, to the extent Defendant seeks to add a new claim of ineffective assistance of counsel, his motion to amend, filed October 6, 2005, shall be denied.

### *3. Motion to "amend" with "new" evidence*

On April 18, 2007, Defendant filed a motion to "amend" (Dkt. # 674) to supplement his improper sentence enhancement claim with "new" evidence in the form of affidavits. The affidavits are from Allen's co-defendants, Paul Brantley and William Taylor, and were executed on April 2, 2007. Both co-defendants state that "Meldon Allen was not the leader or organizer of this case." See Dkt. # 674, Exs. A and B.

Habeas relief is generally available where newly discovered evidence is uncovered which could not have reasonably been presented to the fact finder. See United States v. Barboa, 777 F.2d 1420, 1423 (10th Cir.1985). In order to qualify as "newly discovered," such evidence "must be more than impeaching or cumulative; it must be material to the issues involved; it must be such that it would probably produce an acquittal; and a new trial is not warranted if the new evidence is such that, with reasonable diligence, it could have been discovered and produced at the original trial." United States v. Hughes, 33 F.3d 1248, 1253 (10th Cir.1994) (citing United States v. Youngpeter, 986 F.2d 349, 356 (10th Cir. 1993). In this case, the co-defendants do not state that their proposed testimony concerning the extent of Defendant's involvement in the drug trafficking scheme is based on newly acquired information. In fact, they both suggest that had they been contacted by U.S. Attorney Allen Litchfield, they would have stated at the time of their criminal proceedings that

7

Defendant was not the leader or organizer. Thus, while the affidavits themselves are "new," the "new" information contained in the affidavits was available at the time Defendant was sentenced following his plea of guilty. As a result, the information contained in the affidavits is not "new." For that reason, Defendant's motion to "amend" to provide "new" evidence shall be denied.

**C. Section 2255 claims and claims raised in "motion for supplemental pleadings" (Dkt. # 604)**

Allen identifies five (5) claims in his 28 U.S.C. § 2255 motion. In addition, prior to the filing of a response by the government, Allen filed his "motion for supplemental pleadings" (Dkt. # 604). In that motion, he seeks leave to amend his § 2255 motion with three (3) additional claims. Because Defendant filed his motion seeking leave to amend prior to the filing of a response by the government, Defendant was not required to obtain leave of Court. As a result, the motion to amend to add three (3) new claims shall be declared moot. The Court will address the claims identified in the motion in addition to the claims identified in the original § 2255 motion.

*1. Ineffective assistance of counsel claims lack merit*

**a. Ineffective assistance of trial counsel at plea and sentencing hearings**

As his third ground of error, Allen alleges that his attorney provided ineffective assistance in failing to object to the Rule 11 violations and misconduct on the part of the government and the Court at his change of plea hearing. He claims his attorney "stood by while Petitioner's rights were violated and never raised an objection and this prejudiced the Petitioner as in <u>Strickland v. Washington</u>, 466 U.S. (1984)." (Dkt. # 583 at 6). As his fifth ground of error, Allen claims that his attorney provided ineffective assistance at sentencing when she failed to object to the Court's finding "of quantity of drugs under Relevant Conduct under U.S.S.G. 1b1.3." (<u>Id.</u> at 7). He complains that he admitted to only 5 kilograms during his plea colloquy, but that he was held

8

accountable for 44 kilograms of cocaine when that amount "was not foreseeable to the Petitioner or the conspiracy." (Id.). Defendant bolsters his ineffective assistance of counsel claim concerning the quantity of drugs in his motion to amend (Dkt. # 661). Defendant also asserts, in his "motion for supplemental pleadings" (Dkt. # 604), that additional errors were made during sentencing. Specifically, he claims that his sentence was improperly enhanced for possession of a firearm, that the safety valve provision was available, and that the Court erred in adding a four (4) point enhancement for his leadership role. See Dkt. # 604. Petitioner states "[a]t sentencing, defense lawyers raised no objections whatsoever nor were any of the enhancements awarded to Petitioner contested." Id. at 11.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

The Court has reviewed Defendant's allegations of ineffective assistance of counsel and finds that counsel did not perform deficiently at the change of plea hearing. Defendant's claim that his attorney provided ineffective assistance in failing to object to the coercion exerted by the government and the Court is precluded by the Tenth Circuit's determination that Defendant's plea was entered voluntarily and knowingly. As a result, counsel did not provide ineffective assistance in failing to object since there was no legal basis for an objection. Cook, 45 F.3d at 393.

The Court also finds that counsel did not perform deficiently at sentencing. Defendant complains that counsel provided ineffective assistance in failing to object to the drug quantity calculation. Under the Sentencing Guidelines, a defendant's relevant conduct is considered in determining his base offense level. U.S.S.G. § 1B1.3(a). The Application Notes to § 1B1.3 provide:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.

U.S.S.G. § 1B1.3, App. Note 2. At sentencing, the Court noted that Defendant admitted to more than 5 kilos that were actually seized, and that the probation office's estimate of 44 kilos was conservative given the government's evidence. See Dkt. # 615, Ex. 3, Sent. Trans. at 37. The Court allowed Defendant to present an extensive argument concerning his objection to the drug quantity,

10

id. at 27-31, but rejected the argument in light of the evidence. Defendant has failed to produce additional argument or evidence that his counsel could have presented that would have altered the Court's determination. The Court further notes that at the change of plea hearing, Defendant was specifically advised that the Court is required to "take into account all conduct, circumstances and injuries associated with your criminal conduct whether or not the conduct is charged in the counts to which you are pleading guilty." See Dkt. # 615, Ex. 2, Plea Trans. at 12-13. As long as the information is reliable, "the Court will consider all relevant conduct at the time of sentencing even though you are pleading guilty to less than all of the counts in the superceding indictment." Id. at 13. Defendant acknowledged that he understood the Court's warning concerning conduct that would be used to determine his sentence. Id. After review of the record in light of Defendant's argument, the Court concludes that counsel did not perform deficiently in failing to object to the drug quantity calculation relied on by the Court in determining a base offense level of 34 based on 44 kilograms of cocaine. See Dkt. # 615, Ex. 3, Sent. Trans. at 39.

Next, Defendant complains that counsel failed to object to the four level increase for his role as an organizer or leader. Again, Defendant himself complained at sentencing concerning the enhancement. See Dkt. # 615, Ex. 3, Sent. Trans. at 8. As a result, the issue was before the Court even though counsel did not object to the four level increase. Authority for the enhancement is found under U.S.S.G. § 3B1.1(a) (providing that the offense level should be increased by 4 levels if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive). At the change of plea hearing, Defendant identified ten (10) members of the conspiracy. See Dkt. # 615, Ex. 2, Plea Hr'g Trans. at 16. The government was ready to present extensive evidence supporting Defendant's role as an organizer or leader. See id., Ex. 3,

11

Sent. Trans. at 18-23. Nothing presented by Defendant in this § 2255 proceeding affects the Court's conclusion that he was an organizer or leader. As a result, the Court finds that counsel did not perform deficiently in failing to object to the four level increase.

Defendant argues that his attorney provided ineffective assistance in failing to argue that he was entitled to the safety valve provision of the sentencing guidelines. Under U.S.S.G. § 5C1.2, the applicability of statutory minimum sentences is limited in certain cases. However, since § 5C1.2 does not apply if the defendant possessed a firearm in connection with the offense or if the defendant was a leader or organizer, see § 5C1.2(a)(2) and (4), Defendant in this case was ineligible. Therefore, Defendant's argument is meritless and counsel did not perform deficiently in failing to object on this basis.

Finally, Defendant complains that his attorney failed to object to the two level enhancement added to his offense level for possession of a firearm. The Sentencing Guidelines provide that if a firearm was possessed during the commission of a drug trafficking conspiracy, then the base offense level is increased by two levels. See U.S.S.G. § 2D1.1(b)(1). Once the government establishes that a firearm was located near the drugs or the drug activity, the burden shifts to the defendant to show that it is clearly improbable that the gun was related to the offense. United States v. Alexander, 292 F.3d 1226, 1231 (10th Cir. 2002). The government was prepared to present evidence, obtained via wiretap, demonstrating that Defendant admitted ownership of a gun that was seized from a co-conspirator's bedroom. At sentencing, Defendant failed to present any evidence or argument suggesting that the seized gun was unrelated to the offense of trafficking. He merely offered an excuse for why his firearm was found in his co-conspirator's bedroom. See Dkt. # 615, Ex. 3, Sent. Trans. at 30. In the instant § 2255 proceeding, Defendant has failed to point to any evidence or

argument that his attorney failed to present that would have altered the applicability of § 2D1.1(b)(1). Therefore, counsel did not perform deficiently in failing to object to the two level enhancement for possession of a firearm in connection with a drug trafficking offense.

Having carefully reviewed each of Defendant's claims, the Court concludes that Defendant is not entitled to § 2255 relief on his ineffective assistance of trial counsel claims.

### b. Ineffective assistance of appellate counsel

Defendant also asserts that he was denied effective assistance of appellate counsel when his attorney failed to raise on direct appeal the Rule 11 errors now raised in the § 2255 motion. In order to prevail on an ineffective assistance of appellate counsel claim, Defendant must satisfy the two-pronged Strickland standard discussed above. In this case, Defendant's allegations fail to establish deficient performance by appellate counsel. As the Court has considered and rejected Defendant's claims on the merits, as they relate to performance of trial counsel, appellate counsel did not render ineffective assistance of counsel in failing to raise the claims on direct appeal. Therefore, Defendant is not entitled to § 2255 relief on his ineffective assistance of appellate counsel claims. Strickland, 466 U.S. at 687. Defendant's claims of ineffective assistance of appellate counsel shall be denied.

### *2. Claims that were not raised on direct appeal are procedurally barred*

As his first two (2) grounds of error identified in his § 2255 motion, Defendant asserts that the government and this Court coerced him to enter his plea of guilty. In his "motion for supplemental pleadings" (Dkt. # 604), Allen identifies three additional claims: (1) that the Court erred in enhancing his sentence for possession of a firearm, (2) that the "safety valve" provision was available, and (3) the Court erroneously applied a four (4) point sentence enhancement for his leadership role. See Dkt. # 604. The Court finds that none of those claims was raised by Defendant

in his direct appeal and he is procedurally barred from raising them in this § 2255 action.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th.Cir. 1994). Because Defendant failed to raise the identified claims on direct appeal, they are procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). The procedural default rules developed in the context of habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n. 15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392. As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In this case, Defendant argues as "cause" that appellate counsel provided ineffective assistance in failing to raise the claims on appeal. However, the Court has determined above that appellate counsel did not provide ineffective assistance in failing to raise the claims on direct appeal. Therefore, ineffective assistance of appellate counsel may not serve as "cause" to overcome the

procedural bar.

Defendant further states that he is actually innocent of the crimes for which he was convicted and that "a severe miscarriage of justice will occur if his present issues are not adjudicated." (Dkt. # 131). Under the fundamental miscarriage of justice exception, a defendant may obtain review of his defaulted claims by alleging actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Id. at 316. Defendant has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Although Defendant professes that he is actually innocent of the crimes to which he pled guilty, he has presented no new evidence in support of his claim. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that the identified claims that were not raised on direct appeal shall be denied as procedurally barred.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's "motion for supplemental pleadings" (Dkt. # 604) is **declared moot**. The claims asserted in the motion have been considered in conjunction with the claims raised in the § 2255 motion and are **denied**.

2. Defendant's motions to supplement (Dkt. #s 646 and 649) are **denied**.

3. Defendant's motion to amend to add a new claim of ineffective assistance of counsel (Dkt. # 661) is **denied**.

4. Defendant's motion to amend to add "new" evidence (Dkt. # 674) is **denied**.

5. Defendant's motion to expedite ruling (Dkt. # 678) is **declared moot**.

6. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 583) is **denied**.

7. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 30th day of January, 2008.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE